IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LLOYD ERIC DEMUS, #2378867, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-1247-G (BT) |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Lloyd Eric Demus, a Texas inmate proceeding *pro se*, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Amended Habeas Petition (ECF No. 5). The District Judge should dismiss Demus's Amended Habeas Petition with prejudice under Rule 4 of the Rules Governing § 2254 cases and close this case.

## Background

On January 13, 2022, Demus pleaded guilty to and was convicted of aggravated robbery, enhanced, and continuous violation of a protective order two or more times within 12 months in Cause No. F-2041501-R and Cause No. F-2175986-R, respectively and sentenced to concurrent terms of 15 years' imprisonment. *State of Texas v. Lloyd Demus*, F-2041501, F-2175986 (265th Jud. Dist. Ct., Dallas Cnty., Jan. 13, 2022). On direct appeal, the Texas Fifth District Court of Appeals affirmed the judgments with modifications. *See Demus v. State,*

2022 WL 4376712 (Tex. App—Dallas Sept. 22, 2022, no pet.). He did not petition the Texas Court of Criminal Appeals for discretionary review, and there is no indication in available court records that he pursued state habeas relief.

On May 14, 2025, Demus filed an application for habeas relief under 28 U.S.C. § 2254 in this Court (ECF No. 3), which he amended on June 16, 2025, in response to a Court order. *See* Amended Habeas Petition. His Amended Habeas Petition—the operative pleading—presents one ground for relief: that he is entitled to a sentence reduction under Federal Rule of Criminal Procedure 35 for providing substantial assistance to the federal government. Amended Habeas Petition at 6.

## Legal Standards and Analysis

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," *id.,*:

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citations omitted).

"[E]ven though the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time-barred Section 2254 application

2

sua sponte under Habeas Rule 4. *Kiser*, 163 F.3d at 329. Before doing so, however, the district court must give the parties fair notice and an opportunity to present their positions. *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)) (alteration to original). These findings, conclusions, and recommendation provide Demus fair notice, and the opportunity to object (explained below) gives him a chance to explain why his case is not barred under the AEDPA's statute of limitations. *See, e.g., Reyna v. Dir., TDCJ-CID*, 2021 WL 6297752, at \*2 (N.D. Tex. Dec. 6, 2021) (Horan, J.), *rec. accepted* 2022 WL 60351 (N.D. Tex. Jan. 6, 2022) (Boyle, J.).

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* AEDPA, Pub. L. 104-132, 110 Stat. 1214 (1996). Under the statute, the limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1).

In most cases, the limitations period begins when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). The "filing of a state habeas application ordinarily tolls the federal one-year statute of limitations." *Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006). But a state habeas application filed after the limitations period has expired does not toll the one-year limitations period. *Id.*

1. Demus's Amended Habeas Petition is time-barred.

Demus's convictions became final on October 24, 2022, after the expiration of the 30-day period for seeking further review after his convictions were affirmed as modified on direct appeal. *See* TEX. R. APP. P. 4.1(a), 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that "the conviction becomes final when the time for seeking further direct review in the state court expires"). So he had until October 24, 2023, to file his federal habeas application under § 2244(d)(1)(A), but he did not file the habeas petition here until May 2025, rendering it untimely.

None of the other provisions in § 2244(d)(1) apply to postpone the October 24, 2022 accrual date. Demus does not allege that state action prevented him from filing a § 2254 petition earlier, nor does he allege any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C). Finally, Demus fails to establish that the factual predicate of his claims could not have been discovered with due diligence by the

4

time his conviction became final under § 2244(d)(1)(A). He vaguely alleges that "the information didn't become useful until after the one year statute of limitations." Amended Habeas Petition at 9. But he does not allege that he lacked knowledge of the factual predicate underlying his claim when his conviction became final. Instead, he appears to argue he was unaware of the legal significance of facts supporting his claim, which does not delay the start of the limitations period. *See Klein v. Franklin,* 437 F. App'x 681, 684 (10th Cir. 2011) (The "limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts.").

Thus, Demus's § 2254 habeas application—filed more than a year after his conviction became final under § 2244(d)(1)(A)—is untimely absent equitable tolling.

2. <u>Demus is not entitled to equitable tolling.</u>

The one-year limitation period also is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v.*

*Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Causey v. Cain,* 450 F.3d 601, 605–06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Demus fails to meet the high burden of showing that equitable tolling applies here. The Court can discern no basis to apply equitable tolling from the record. Thus, the District Judge should dismiss Demus's Amended Habeas Petition with prejudice as untimely.

3. Demus's Amended Habeas Petition is meritless.

Alternatively, Demus's lone habeas claim—that the state court violated his federal rights by not applying Federal Rule of Criminal Procedure 35—is meritless. The Federal Rules of Criminal Procedure, including Rule 35, do not apply in state courts and cannot justify federal habeas relief for a state prisoner. *See*, *e.g.*, *Mosley v. Cockrell,* 2003 WL 21832120, at *10 (N.D. Tex. Aug. 6, 2003) (Ramirez, J.) (denying § 2254 petition premised on failure to give an instruction required under the Federal Rules of Criminal Procedure because "[t]he Federal Rules of Criminal Procedure have no applicability to petitioner's state criminal proceedings"); *James v. Dir., TDCJ-CID,* 2009 WL 484987, at *1 (E.D. Tex. Feb. 26, 2009) (rejecting habeas relief for state prisoner based on Federal Rule of Criminal Procedure because "his state-court trial was not conducted under the Federal Rules of Criminal Procedure, and habeas corpus review of state court trials does not apply these Rules").

## Recommendation

The District Judge should *sua sponte* dismiss with prejudice Demus's Amended Habeas Petition (ECF No. 5) under Habeas Rule 4 and close this case.

**SO RECOMMENDED.**

March 23, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

7